UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:   22-CV-62367

MALLORY JONES,

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.

    Defendant.                                        /

## COMPLAINT

Plaintiff, MALLORY JONES ("JONES"), by and through his undersigned attorneys, sues Defendant, PUBLIX SUPER MARKETS, INC. ("PUBLIX"), and alleges as follows:

1. Plaintiff, JONES, brings this action for interference and retaliation in violation of the Family & Medical Leave Act ("FMLA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343, and the FMLA.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. Plaintiff is an individual, *sui juris*, and, at all times materials hereto, was a resident of Palm Beach County, Florida.

5. Defendant is a Florida corporation that operates and does business in this judicial district.

6. The Plaintiff was, at all times material hereto, an individual employed by the Defendant within the meaning of the FMLA.

1

7. The Defendant was, at all times material hereto, Plaintiff's "employer" within the meaning the FMLA.

8. The Defendant acted through its agents, servants, representatives, and/or employees at all times material hereto

9. At all times material hereto, the Defendant was an employer covered by the FMLA, because it engaged in commerce or in an industry affecting commerce and it employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks during the relevant periods of time.

10. The Plaintiff worked at a location where the Defendant employed fifty (50) or more employees within seventy-five (75) miles.

11. The Plaintiff was an employee of the Defendant entitled to leave under the FMLA, because she was employed by the Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month period prior to seeking to exercise her rights to FMLA leave.

12. The Plaintiff has satisfied all conditions precedent prior to filing this Complaint.

## FACTUAL ALLEGATIONS

13. Plaintiff JONES began her employment with Defendant PUBLIX on or about July 28, 2012 as a bagger and front desk clerk.

14. In or about 2015, JONES took an extended medical leave. Because the leave exceeded the time provided by the FMLA, PUBLIX terminated her employment, but informed her that she was eligible to be rehired at the conclusion of her leave.

15. On or about November 21, 2015, JONES was rehired by PUBLIX.

16. During her employment with PUBLIX, JONES consistently received good and/or excellent performance reviews. JONES advanced in her career with PUBLIX, becoming a cashier,

customer service representative, stock clerk, grocery replenishment specialist, grocery team leader and an Assistant Grocery Manager.

17.     JONES suffers from bipolar disorder, depression and alcoholism.

18.     On or about February 19, 2020, JONES informed PUBLIX that she was suffering from an illness and needed to take time off from work.

19.     On or about February 23, 2020, JONES contacted PUBLIX from a detox facility and informed the assistant store manager that she had entered the detox facility on February 18, 2020 and was being treated by a psychiatrist and therapist. As such, JONES requested to take qualifying leave under the FMLA for the week in which she was being treated at the detox facility, and her FMLA leave was approved by PUBLIX.

20.     At the time in which JONES had entered the detox facility, her mental health had deteriorated such that she was essentially in a crisis mode. As such, she was not able to give advanced notice before entering the detox facility, but she provided reasonable notice under the circumstances to PUBLIX, as required under the FMLA, immediately after entering the detox facility.

21.     JONES returned to work on or about March 3, 2020. On that same day, JONES received a "Substance Abuse Counseling Form" and was suspended for three (3) days, purportedly for violating PUBLIX's Substance Abuse Policy. Though not reflected on the counseling form, JONES was verbally informed that the reason she was receiving a suspension was because she did not provide sufficient notice before seeking medical leave.

22.     Pursuant to the counseling form, JONES was told that, to remain employed, she was required to contact PUBLIX's Employee Assistance Program ("EAP") department by March 9, 2020, have a drug and/or alcohol assessment, complete drug and alcohol education and awareness classes, authorize the release of information regarding her treatment to the EAP department, comply with all

EAP requirements and submit to further testing at any time and not violate the conduct prohibited in PUBLIX's substance abuse policy in the future.

23. JONES complied with the requirements imposed in the counseling form and, as such, remained employed by PUBLIX.

24. On or about November 24, 2020, JONES' state of mental health had again reached a crisis mode such that she needed to immediately enter a detox facility. Because of the severe and rapid deterioration of her state of mental health, JONES was not able to give advanced notice before entering the detox facility, but she provided reasonable notice under the circumstances to PUBLIX, as required under the FMLA, contemporaneous with entering the detox facility. Specifically, JONES informed PUBLIX's EAP department that she was struggling with her bipolar disorder and alcoholism, and that she was again entering a detox facility. JONES requested and was approved for 11.8 weeks of FMLA leave through December 26, 2020.

25. Due to JONES' debilitating state of mental health upon entering the detox facility, her father, William Jones, communicated with JONES' manager, Eric Grubert, regarding JONES' condition and need to take FMLA leave. Mr. Grubert repeatedly assured Mr. Jones that JONES would not be terminated and that her job would be secure.

26. In or about late December 2020, JONES contacted her EAP advisor, who directed her to speak with Mr. Grubert. Notwithstanding the assurances previously provided to Mr. Jones, Mr. Grubert told JONES that "corporate" was trying to argue for her termination because they felt that, like in March 2020, JONES should have given at least a week or two notice before taking medical leave.

27. A few days later, and while JONES remained on FMLA leave, Mr. Grubert called JONES and informed her that her employment with PUBLIX had been terminated.

28. On or about December 22, 2020, JONES received from PUBLIX a Retail Notice of Discharge stating, "Mallory is being discharged due to a violation of Publix's Substance Abuse Policy. Mallory violated the policy on 3/3/20 and again on 11/24/20." The dates identified in the Notice of Discharge were the dates in which JONES requested FMLA leave.

29. JONES did not violate PUBLIX's Substance Abuse Policy at any time, including on March 3, 2020 and November 24, 2020.

30. PUBLIX's stated basis for termination is false and pretextual.

31. JONES' termination interfered with her right to medical leave under the FMLA and constituted retaliation for taking leave under the FMLA.

## COUNT I – VIOLATION OF THE FMLA (INTERFERENCE)

32. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-31 and incorporates the same herein by this reference.

33. During the relevant time period, the Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA.

34. The Plaintiff was an eligible employee of the Defendant as defined by Section 2611 (2) (A) of the FMLA when she notified Defendant of her serious mental health condition on March 3, 2020 and November 24, 2020, which qualified her for leave time and benefits under the FMLA.

35. The Defendant violated Section 2615 of the FMLA by interfering with the Plaintiff's rights under the FMLA. Specifically, Defendant failed to allow Plaintiff to complete her FMLA leave and terminated her employment rather than allowing the Plaintiff to exercise her rights under the FMLA.

36. The Defendant acted willfully and in bad faith in connection with the unlawful FMLA interference described herein.

5

37. As a direct and proximate result of the actions of the Defendant, the Plaintiff has suffered damages including lost wages, benefits and other compensation and interest thereon.

38. Due to Defendant's willful violation, the Plaintiff is entitled to recover liquidated damages pursuant to Section 2617(a)(1)(A) and his attorneys' fees and court costs pursuant to Section 2617(a)(3).

WHEREFORE, Plaintiff, MALLORY JONES, demands judgment against Defendant, PUBLIX SUPER MARKETS, INC, for damages including lost wages and benefits, liquidated damages, interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just, necessary and proper.

## COUNT II – VIOLATION OF THE FMLA (RETALIATION)

39. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-31 and incorporates the same herein by this reference.

40. During the relevant time period, the Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA.

41. The Plaintiff was an eligible employee of the Defendant as defined by Section 2611 (2) (A) of the FMLA when she notified Defendant of her serious mental health condition on March 3, 2020 and November 24, 2020, which qualified her for leave time and benefits under the FMLA.

42. The Defendant violated the FMLA by retaliating against Plaintiff for exercising rights under the FMLA. Specifically, upon return from FMLA leave in March 2020, Defendant wrongfully issued a disciplinary action notice and suspended Plaintiff for three (3) days. Additionally, Defendant wrongfully terminated Plaintiff's employment on December 22, 2020 while Plaintiff was on FMLA leave.

43. The Defendant acted willfully and in bad faith in connection with the unlawful FMLA retaliation described herein.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

44. As a direct and proximate result of the actions of the Defendant, the Plaintiff has suffered damages including lost wages, benefits and other compensation and interest thereon.

45. Due to Defendant's willful violation, the Plaintiff is entitled to recover liquidated damages pursuant to Section 2617(a)(1)(A) and his attorneys' fees and court costs pursuant to Section 2617(a)(3).

WHEREFORE, Plaintiff, MALLORY JONES, demands judgment against Defendant, PUBLIX SUPER MARKETS, INC, for damages including lost wages and benefits, liquidated damages, interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just, necessary and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, MALLORY JONES, demands trial by jury for all issues so triable by right of jury under state or federal law.

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone:   (954) 894-3035
E-mail: dgallup@gallup-law.com

By:   */s/ Dana M. Gallup*
      DANA M. GALLUP
      Florida Bar No.: 0949329